IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL CASE NO. 2:11-CR-00038-NBB-DAS

RAYMOND LAMONT SHOEMAKER,
EARNEST LEVI GARNER, JR., and
ROBERT CORKERN

**MEMORANDUM OPINION**

Presently before the court is defendant Earnest Levi Garner, Jr.'s motion to dismiss Count Two of the indictment against him as barred by the statute of limitations. Having reviewed the motion, response, record, and applicable law, the court is ready to rule.

Factual and Procedural Background

Defendant Garner was indicted on February 24, 2011. He is charged with conspiracy to commit federal programs bribery (18 U.S.C. §§ 371, 666; Count One), federal programs bribery (18 U.S.C. § 666; Count Two), conspiracy to commit healthcare fraud (18 U.S.C. § 371, 42 U.S.C. § 1320a-7b; Count Four), and healthcare fraud (42 U.S.C. § 1320a-7b; Count Five).

Garner is alleged to have been involved in a nursing services kickback and bribery scheme involving Tri-Lakes Medical Center (TLMC), a hospital in Batesville, Mississippi, that was owned by Panola County and the City of Batesville, and which was sold to a private non-profit entity (PSHG) in November 2005.

During the time period alleged in the indictment, Defendant Garner owned nurse-staffing companies. He is alleged to have paid David Chandler, the president of the hospital board and the County Administrator at the time, $5 per hour for every nursing hour billed by his companies in order to increase the hospital's use of his companies and to ensure that his companies were paid in

a timely manner. From March 2005 to July 2007, Garner is alleged to have made a series of bribe and kickback payments to Chandler totaling approximately $268,000.00. Garner is also alleged to have agreed to and to have known about a series of alleged bribe and kickback payments totaling $12,000.00 made January 27, 2006, to July 27, 2006, to co-defendant Raymond Lamont Shoemaker, the Chief Operating Officer and Chief Executive Officer of the hospital.

Defendant Garner asks the court to "dismiss any and all counts wherein the alleged activities occurred more than five years prior to February 24, 2011." Garner's motion only briefs the issue of whether the 18 U.S.C. §666 charge is barred by the statute of limitations, and therefore, the court only addresses the §666 charge.

## Standard of Review

A district court's fact findings in relation to the statue of limitations are reviewed for clear error and its legal conclusions *de novo*. *United States v. McMillan,* 600 F.3d 434, 443-44 (5th Cir. 2010).

## Law and Analysis

Where a statute defining a non-capital offense does not contain a specific limitations period, the general five-year statute of limitations provided for under 18 U.S.C. § 3282(a) applies. *United States v. Edelkind,* 525 F.3d 388, 393 (5th Cir. 2008). *See,* 18 U.S.C. § 3282 ("no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

Defendant Garner and the Government agree that the statute of limitations for the 18 U.S.C. § 666 charge is five years. Garner and the Government also agree that a Section 666

offense is not a continuing offense.

Normally, a criminal statute of limitations begins to run on the date when the offense is completed. *Toussie v. United States,* 397 U.S. 112, 115 (1970). Criminal limitations statutes are "to be liberally interpreted in favor of repose." *Id.*

In Count Two, numerous alleged bribes and kickbacks by Garner are charged in a single count as a violation of 18 U.S.C. § 666. The Government relies on *United States v. Bustamante,* 45 F.3d 933, 942 (5th Cir. 1995), in opposing Garner's motion to dismiss the Section 666 offense.

In *Bustamante,* a member of congress who accepted illegal gratuities over a period of years contended that the five-year statute of limitations had expired because more than five years had passed since he accepted the first gratuity. The Fifth Circuit distinguished between "one act of accepting a gratuity" and accepting gratuities over a period of years. The court did not find that accepting illegal gratuities was a continuing offense but did state that Bustamante had engaged in "continuing criminal behavior." Because of the defendant's "continuing criminal behavior," the Fifth Circuit held that the illegal gratuity charge occurred within the five-year statute of limitations.

The court in *Bustamante* relied on the Ninth Circuit's decision in *United States v. Morales,* 11 F.3d 915 (9th Cir. 1993), where the defendant was charged in a single count with accepting bribes which occurred both before and after the effective date of the Sentencing Guidelines. The defendant argued that pre-Guideline conduct could not form the basis for enhancement. The Ninth Circuit rejected this argument and held that the "offense" for purposes of a 18 U.S.C. § 201 bribery conviction was the entire scheme, such that the offense was not completed until after the Guidelines became effective.

As pointed out by Garner, the statute of limitations holding in *Bustamante* has been rejected by the Seventh Circuit in *United States v. Yasher,* 166 F.3d 873, 876-80 (7th Cir. 1999). The Seventh Circuit in *Yasher* held "that for offenses that are not continuing offenses under *Toussie,* the offense is committed and the limitations period begins to run once all elements of the offense are established, regardless of whether the defendant continues to engage in criminal conduct." *Id.* at 879-80. There is a circuit split concerning the continuing course of criminal conduct doctrine, as discussed in *Yasher. Id.* at 877-78.

The holding in *Bustamante*, and not the Seventh Circuit's holding in *Yasher,* binds this court. Therefore, the court finds that the Section 666 offense charged is not barred by the statute of limitations.

Defendant Garner's motion to dismiss is hereby DENIED. A separate order in accord with this opinion shall issue this day.

Ordered and adjudged this, the <u>1st</u> day of February, 2012.

<u>/s/ Neal Biggers</u>
NEAL B. BIGGERS, JR.
U.S. DISTRICT JUDGE