IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO: 2:11-cr-0038-GHD-DAS

ROBERT S. CORKERN                                                                                                    DEFENDANT

**MEMORANDUM OPINION**

Presently before the Court is Defendant Robert Corkern's Motion to Expunge Records [363] requesting that the Court order that all records of the Defendant's indictment, arrest, processing, and related records be expunged, sealed, or destroyed. The Government has responded in opposition to the present motion. Further, a hearing concerning this matter was held on September 27, 2021, before Judge Neal Biggers. Following Judge Biggers' retirement, this case was reassigned to the undersigned Judge on August 14, 2023. The Court, having reviewed the parties' briefing, the transcript from the previous hearing on this matter, and being made aware that the parties' positions remain the same, finds that this motion should be ruled upon without further briefing or an additional hearing. Having reviewed the entire record in this matter, and the applicable case law, the Court finds that Defendant Corkern's Motion to Expunge Records [363] should be denied.

Defendant Robert Corkern was indicted in September 2011 for the following: one count of conspiracy to make a false statement to the USDA in violation of 18 U.S.C. § 1014; three counts of aiding and abetting the making of a false statement to the USDA in violation of 18 U.S.C. § 1014; and one count of federal program bribery in violation of 18 U.S.C. § 666. On January 9, 2012, Corkern entered a plea of guilty to the one count of federal program bribery – count thirteen of the superseding indictment. On November 13, 2012, Corkern was sentenced to a term of supervised release for three years, including twenty-four months of home detention. In January of

1

2021, former President Donald J. Trump pardoned Defendant Corkern of his conviction in this case. Following this presidential pardon, Corkern filed the present Motion to Expunge Records on the basis that an expungement would assist his medical practice by potentially allowing him to bill through Medicaid, as he is already able to bill through private insurance and Medicare.

Defendant Corkern asserts that "the federal courts have inherent power to expunge criminal records when necessary to preserve basic legal rights. The power is a narrow one, usually exercised in cases of illegal prosecution or acquittals and is not to be routinely used." *United States v. Rowlands*, 451 F.3d 173 (3rd Cir. 2006). Corkern asserts that "the case for expungement here is strong" because former President Donald J. Trump issued a pardon and that expungement would "preserve Mr. Corkern's basic legal rights and return his good name and reputation." [363]. Corkern makes no further argument as to what "basic legal rights" he is referring to. When reviewing the testimony from the previous hearing, the Court can assume that the right requested to be returned or preserved is having Medicaid accept Corkern's billing as a physician.

The Government contends that the general holding of the vast majority of courts is that district courts lack jurisdiction to expunge a valid conviction. Further, the Government asserts that even when analyzing if expungement is warranted, the same result is obtained, as there is no basis or precedent to justify expungement of a valid conviction.

Although Congress has granted courts statutory authority to expunge certain criminal convictions, such as 18 U.S.C. § 3607(c), there is no applicable statute for Defendant's offense. "Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is narrow: 'In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of [an] overturned conviction.'" *Melawer v. United States*,

2

341 Fed. App'x 83, 84 (5th Cir. 2009) (citing *Sealed Appellant v. Sealed Appelle*, 130 F.3d 695, 699 (5th Cir. 1997)). Since a district court "lacks power to order the official records of an overturned conviction rewritten, it follows as an a *fortiori* matter that the court is not empowered to do in a case ... in which the validity of the original conviction is unquestioned." *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986); see also *United States v. Teshima-Jiminez*, No. C.R.A. 97-87, 2001 WL 913833, at *1 (E.D. La. Aug. 14, 2001) ("A court may not order expungement of arrest records where a conviction was validly obtained."). The district court may order expungement of criminal records in exceptional circumstances, however, there is a strong presumption against doing so, and the circumstances in which it is appropriate are increasingly narrow. *United States v. Mathieu*, 2023 WL 4947992 (E.D. La. Aug. 3, 2023) (citing *United States v. Fields*, No. C.R.A. 83-419, 2013 WL 1403214 (E.D. La. April 5, 2013); *United States v. Jones*, 2022 WL 1078025 (M.D. La. April 11, 2022) (citing *Sealed Appellant,* 130 F.3d at 699).

As held by other circuits and followed by district courts in the Fifth Circuit, "expungement authority is not inherent but instead must be grounded in a jurisdictional source found in the Constitution or statutes." *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017); *United States v. Jones*, 2022 WL 1078025 at 3 (M.D. La. April 11, 2022). "[T]he district court's ancillary jurisdiction does not stretch so far as to permit the assertion of jurisdiction over a petition to expunge the judicial record in a criminal case on purely equitable grounds." *Wahi*, 850 F.3d at 302. Thus, expunging the judicial record on purely equitable grounds through a balancing test as requested by the movant in this matter is not warranted as the test is no longer good law. *Jones*, 2022 WL 1078025 (M.D. La. April 11, 2022) (citing *Wahi*, 850 F.3d at 302).

Also, allowing for the expungement of the records in this case would give Defendant Corkern more relief than if he had been acquitted at trial, and a remedy cannot give a defendant

3

more relief than if he had been acquitted at trial. *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). An expungement of the records in this case would eliminate all history of the charges and conviction, but if there had been an acquittal, there still would exist a record of the charges and proceedings. *Id*. Therefore, expungement of records would grant the Defendant more relief than an acquittal, which is not permitted.

Fifth Circuit case law establishes that "the overwhelming majority of cases" refused to grant the remedy of expungement. *Sealed Appellant,* 130 F.3d at 701. When expungement was granted, and upheld, there were exceptional circumstances such as a Fourth Amendment violation, civil rights remedy, or the request was unopposed by the U.S. Attorney. *Id*. Another exceptional circumstance where expungement was ordered involved state officials using arrest records to prevent minorities from voting. *United States v. McLeod*, 385 F.2d 734, 750 (5th Cir. 1967).

Further, Defendant Corkern pled guilty to count thirteen of the superseding indictment and this was a valid conviction, therefore the Court cannot order his official records rewritten since the conviction is valid. *Scott*, 793 F.2d at 118. Defendant Corkern does not identify any statutory provisions that grant him the right to expungement, and thus, this Court does not have the power to order the expungement of his official records. Similarly in the case of *Melawer* where the party seeking expungement was having difficulty with renewing various licenses, the Fifth Circuit concluded that the district court properly declined to exercise jurisdiction over the expungement request. *Melawer,* 341 Fed. Appx 83. The court in *Melawer* found that merely asserting personal burdens fails to identify a statutory basis for expungement and fails to allege an affirmative rights violation by the actors holding the records. *Id*.

Lastly, the Court acknowledges that a presidential pardon does not in any way reverse the legal conclusion of the courts; it "does not blot out guilt or expunge a judgment of conviction."

4

*Hirschberg v. Commodity Futures Trading Com'n*, 414 F.3d 679, 682 (7th Cir. 2005) citing *In re North*, 62 F.3d 1434, 1437 (D.C.Cir.1994). See *Nixon v. United States*, 506 U.S. 224, 232 (1993) (a pardon is in no sense an overturning of a judgment of conviction); *Burdick v. United States*, 236 U.S. 79, 94 (1915) (a pardon carries an imputation of guilt). Nor does it create a "factual fiction" that the conviction did not occur. *United States v. Noonan*, 906 F.2d 952, 957 (3d Cir. 1990); *Schnitzer*, 567 F.2d 539. The "judicial editing of history is likely to produce a greater harm than [that] sought to [be] corrected." *Rogers,* 469 F.2d at 1085. "Any number of reasons may lie behind the granting of an executive pardon, but the granting of a pardon does not itself indicate any defect in previous convictions … [n]either does it negate any bearing that they may have on present credibility." *Watkins v. Thomas*, 623 F.2d 387, 388 (5th Cir. 1980) (quoting *Gurleski v. United States*, 405 F.2d 253 (5th Cir. 1968)). "The power to pardon is an executive prerogative of mercy, not of judicial record-keeping." *Noonan*, 906 F.2d at 955 (3d Cir. 1990).

Overall, Defendant Corkern has not questioned the validity of his conviction nor has he identified any statutory provision that grants him the right to expungement. The Defendant has also not asserted any affirmative rights violations. Therefore, the Court does not have the power to order the expungement of Defendant Corkern's official records.

### Conclusion

For the reasons stated above, the Court finds that Defendant Robert Corkern's Motion to Expunge Records [363] is DENIED.

An order in accordance with this opinion shall issue this

day. This, the 4th day of April, 2024.

_____
SENIOR U.S. DISTRICT JUDGE